# EXHIBIT B
## Collective and Class Action Complaint

F I L E D
Electronically
CV18-00825
2018-04-19 10:36:04 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 6637811 : yviloria

1   Mark R. Thierman, Nev. Bar No. 8285
    mark@thiermanbuck.com
2   Joshua D. Buck, Nev. Bar No. 12187
    josh@thiermanbuck.com
3   Leah L. Jones, Nev. Bar No. 13161
    leah@thiermanbuck.com
4   THIERMAN BUCK LLP
    7287 Lakeside Drive
5   Reno, Nevada 89511
6   Tel. (775) 284-1500
    Fax. (775) 703-5027
7
8   *Attorneys for Plaintiffs*

9           **IN THE SECOND JUDICIAL DISTRICT COURT OF**

10              **THE STATE OF NEVADA IN AND FOR THE**

11                      **COUNTY OF WASHOE**

12

13  ERIC BLAKENSHIP and CHRIS KAHL, on          Case No.:
    behalf of themselves and all others similarly
14  situated,                                    Dept. No.:

15              Plaintiffs,                       **COLLECTIVE AND CLASS ACTION COMPLAINT**

16      vs.
                                                  1)  Failure to Pay Overtime in Violation of
17  ALORICA, INC.; and DOES 1 through 50,            29 U.S.C. § 207;
18  inclusive,
                                                  2)  Failure to Pay Overtime at the Correct
19              Defendant(s).                        Rate in Violation of 29 U.S.C. § 207

20                                                3)  Failure to Compensate for All Hours
                                                     Worked in Violation of NRS 608.140 and
21                                                   608.016;

22                                                4)  Failure to Pay Minimum Wages in
                                                     Violation of the Nevada Constitution;
23
                                                  5)  Failure to Pay Overtime in Violation of
24                                                   NRS 608.140 and 608.018;

25                                                6)  Failure to Timely Pay All Wages Due and
                                                     Owing in Violation of NRS 608.140 and
26                                                   608.020-050.

27                                                **JURY TRIAL DEMANDED**

28

                                    - 1 -
                    COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1    COME NOW Plaintiffs ERIC BLAKENSHIP and CHRIS KAHL (collectively,

2    "Plaintiffs"), on behalf of themselves and all other similarly situated and typical persons and

3    allege the following:

4    All allegations in the Complaint are based upon information and belief except for those

5    allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in the

6    Complaint either has evidentiary support or is likely to have evidentiary support after a

7    reasonable opportunity for further investigation and discovery.

8    **JURISDICTION AND VENUE**

9    1.    The Court has original jurisdiction over both state and federal claims alleged

10    herein. The Court has original jurisdiction over the state law claims alleged herein because the

11    amount in controversy exceeds $15,000 and a party seeking to recover unpaid wages has a

12    private right of action pursuant to Nevada Revised Statute ("NRS") 608.140 and Chapter

13    608.608.140. *See Neville v. Eighth Judicial District Court in & for Cty. of Clark*, Case No.

14    70696, 133 Nev. Adv. Op. 95, 2017 WL 6273614, at *4 (Nev. Dec. 7, 2017) (Dec. 7, 2017).

15    The Court has jurisdiction over the federal claims alleged herein pursuant to Fair Labor

16    Standards Act ("FLSA"), 29 U.S.C. § 216(b).

17    2.    Plaintiffs also claim a private cause of action to foreclose a lien against the

18    property owner for wages due pursuant to NRS 608.050.

19    3.    Plaintiffs are seeking to recover unpaid wages due pursuant to Nevada statutory

20    authority and pursuant to an agreement (implied by law and fact) to pay for all hours worked

21    and/or under the wage laws of the State of Nevada. Plaintiffs therefore have a private right of

22    action pursuant to Nevada Revised Statute ("NRS") Sections 608.040 and 608.140 as well as a

23    claim for at least minimum wages for all hours worked "off-the-clock" pursuant to Section 16

24    of Article 15 of the Nevada State Constitution. Plaintiffs made a proper demand for wages due

25    pursuant to NRS 608.140 and by agreement of the parties.

26    4.    Venue is proper in the Court because one or more of the Defendants named

27    herein maintains a principal place of business or otherwise is found in the judicial district and

28    many of the acts complained of herein occurred in Washoe County, Nevada.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 2 -
COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**PARTIES**

5.    Plaintiff ERIC BLAKENSHIP is a natural person who is and was a resident of the State of Nevada and has been employed by Defendant as a non-exempt hourly employee in its Reno facility during the relevant time period alleged herein.

6.    Plaintiff CHRIS KAHL is a natural person who is and was a resident of the State of Nevada and has been employed by Defendant as a non-exempt hourly employee in its Reno facility during the relevant time period alleged herein.

7.    Defendant ALORICA INC. (hereinafter "Defendant" or "Alorica") is a foreign corporation incorporated in the state of Delaware with a principal place of business in 5 Park Plz., Ste. 1100, Irvine, California 92614-8502.  Alorica is an employer engaged in commerce under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and is an employer under NRS 608.011.

8.    The identity of DOES 1-50 is unknown at this time and the Complaint will be amended at such time when the identities are known to Plaintiffs. Plaintiffs are informed and believe that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Alorica" herein shall mean "Defendants and each of them."

**FACTUAL ALLEGATIONS**

9.    Plaintiff Blankenship has been employed by Defendant as a customer service representative at its Reno call center location from on or about July 7, 2017 to the present.

10.    Plaintiff Kahl was employed by Defendant as a customer service representative at its Reno call center location from on or about September 15, 2014 to on or about February 9, 2018.

11.    Plaintiffs were hourly paid non-exempt employees who were paid a regular rate of $11.00 for each hour worked plus certain non-discretionary bonuses and incentive payments.

12.    Plaintiffs were scheduled for 5 shifts per week, 8 hours per shift, and 40 hours per workweek.  Plaintiffs regularly worked Monday through Friday, from approximately 5:00 a.m. to 1:45 p.m., including a 45-minute unpaid lunch break.

13.    In their role as call center employees, Plaintiffs had to perform work activities before clocking-in (i.e., "off-the-clock") and were not compensated for engaging in those activities.    Namely, Plaintiffs were required to boot up their computers, load numerous programs to be used during the workday, and confirm that their phones were connected and ready to accept calls prior to clocking in and starting their regularly scheduled shift. Oftentimes, programs would not load correctly, and Plaintiffs would have to restart their computers and repeat this process.  Plaintiffs were required to perform these same activities upon returning from their lunch break prior to clocking back in to the timekeeping system. Plaintiffs estimate that it took them approximately 15 minutes to perform these work-related activities on an average day.

14.    Upon information and belief, all Alorica call center employees were similarly required to perform these same pre-and mid-shift activities without compensation.

15.    All the off-the-clock work requirements alleged herein caused Plaintiffs and all other similarly situated employees to work regular time and overtime for which they were either not compensated or not properly compensated by Defendant. To the extent Plaintiffs and other employees worked more than 8 hours a day or 40 hours a week, the unpaid time should have been paid at a rate of one-and-one-half times their regular rate of pay as required by law.

16.    In addition to working Plaintiffs off-the-clock without pay, Defendant paid Plaintiffs and certain other Class Members bonuses and/or other non-discretionary payments without accurately including the amount paid for these bonuses and/or other non-discretionary payments in the regular rate for purposes of calculation of overtime payment due. *See* Exhibit 1 attached to the Complaint, "Earnings Statement dated 12/30/17 – 1/12/18." Upon information and belief, all other Class Members employed by Defendant were paid in the same manner.

17.    For example, in the full workweek beginning on December 30, 2017 through January 5, 2018, Plaintiff Blankenship is informed and believes that he was paid for 46 hours of work, but these hours do not include the pre- and mid-shift activities described above. Defendant thus owes Plaintiff Blankenship wages (both in the form of overtime, regular rate, and minimum wages) for 15-minutes pre- and mid-shift each day for time worked off-the-clock,

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 4 -
COLLECTIVE AND CLASS ACTION COMPLAINT

for a total of 75 minutes for the five shifts worked during that workweek. *See* Exhibit 1. In other words, Defendant owes Plaintiff Blankenship $20.62 in overtime wages for the workweek.

18.    Further, Defendant paid Plaintiffs non-discretionary incentive payments in this pay period but failed to accurately include the amount paid for these non-discretionary payments in the regular rate for purposes of calculation of overtime payment due.

19.    Defendant's wage and hour practices are unlawful. Plaintiffs and all putative class members have suffered and will continue to suffer irreparable injury if Defendant is not enjoined from future wrongful wage and hour practices.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

20.    Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

21.    Plaintiffs  bring this action on behalf of themselves and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Nevada law, on behalf of the classes defined as follows:

        A.    **FLSA CLASS:** All hourly paid call center employees employed by Defendant in the United States at any time during the relevant time period alleged herein.

        B.    **NEVADA CLASS:** All hourly paid call center employees employed by Defendant in the state of Nevada at any time during the relevant time period alleged herein.

        C.    **WAGES DUE AND OWING CLASS:** All members of the NEVADA CLASS who are former employees.

22.    With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those that they seek to represent for the following reasons, among others:

        A.    Defendant employed Plaintiffs as hourly employees who did not receive their regular rate of pay for all hours that Defendant suffered or permitted them to work,

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

did not receive the required minimum wage for work performed for Defendant, and did not receive overtime premium pay of one and one-half their regular rate of pay for all hours worked over forty (40) hours in a workweek.

B.    Plaintiffs' situation is similar to those they seek to represent because Defendant failed to pay Plaintiffs and all other FLSA Class Members for all time they were required to work, including time spent performing pre-shift and mid-shift work activities without compensation after the work day had begun.

C.    Common questions exist as to: Whether the time spent by Plaintiffs and all other FLSA Class Members engaged in pre-shift and mid-shift activities is compensable under federal law; and Whether Defendant failed to pay Plaintiffs and FLSA Class Members one and one-half times their regular rate for all hours worked in excess of 40 hours a week.

D.    Upon information and belief, Defendant employs, and has employed, in excess of 100 Class Members within the applicable statute of limitations.

E.    Plaintiffs have signed Consent to Sue forms, which are attached to the Complaint as Exhibit 2. Consent to Sue forms are not required for state law claims under Rule 23 of the Federal Rules of Civil Procedure.

23.    Rule 23 Class treatment is appropriate in the case for the following reasons:

A.    The Class is Sufficiently Numerous: Upon information and belief, Defendant employs, and has employed, in excess of 100 NEVADA Class Members within the applicable statute of limitations. Because Defendant is legally obligated to keep accurate payroll records, Plaintiffs allege that Defendant's records will establish the identity and ascertainably of members of the NEVADA Class as well as their numerosity.

B.    Plaintiffs' Claims are Typical to Those of Fellow Class Members: Each NEVADA Class Member is and was subject to the same practices, plans, and/or policies as Plaintiffs, as follows: Defendant required Plaintiffs and NEVADA Class Members to engage in pre- and mid-shift activities without compensation; Defendant failed to pay

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Plaintiffs and NEVADA Class Members at their regular rate for all time spent on the above referenced activity, and if applicable time and one-half their regular rate if they worked in excess of 40 hours in a workweek or, if paid a base rate of less than one and one-half the minimum wage, then failed to pay a premium rate of one and one-half their regular rate if they worked more than 8 hours in a day; and Defendant failed to pay Plaintiff Kahl WAGES DUE AND OWING Class Members all wages due and owing at the time of their termination or separation from employment.

C.      Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiffs and the Class, including, without limitation the following: Whether the time spent by Plaintiffs and NEVADA Class Members engaging in pre-shift activities is compensable under federal and Nevada law; (3) Whether Defendant failed to pay a premium rate of one and one-half times their regular rate for all hours worked in excess of 40 hours a week, and if they were paid less than one and one-half the minimum wage, then for all hours worked in excess of 8 hours a day; Whether Plaintiffs and NEVADA Class Members were compensated for "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee" pursuant to the Nevada Administrative Code ("NAC") 608.115(1), and NRS 608.016; and Whether Defendant delayed final payment to Plaintiff Kahl and WAGES DUE AND OWING Class Members in violation of NRS 608.020-050.

D.      Plaintiffs Are Adequate Representatives of the Class: Plaintiffs will fairly and adequately represent the interests of the Classes because Plaintiffs are a member of the Classes, they have issues of law and fact in common with all members of the Classes, and they do not have any interests antagonistic to Class Members. Plaintiffs and counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for Class Members as a group.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

E.    Predominance/Superior Mechanism: Common questions of whether Plaintiffs and putative class members were compensated according to state and federal law predominate over individual questions. A class action is superior to other available means for the fair and efficient adjudication of their controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to compensate its employees in accordance with federal and Nevada wage and hour law. The prosecution of individual remedies by each Class Member will be cost prohibitive and may lead to inconsistent standards of conduct for Defendant and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiffs and all members of the FLSA CLASS)

24.    Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

25.    29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

26.    By failing to compensate Plaintiffs and FLSA Class Members for time spent engaging in pre-and mid-shift activities, Defendant failed to pay Plaintiffs and FLSA Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

27.    Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

28.    Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and FLSA Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages at the Correct Rate in Violation of the**

**FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiffs and all members of the FLSA CLASS)

29.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

30.    29 U.S.C. Section 207(e) defines the regular rate "at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee" (with certain exceptions not relevant here) divided by the hours worked.

31.    By failing to include bonuses, commissions, and other non-discretionary payments in the total sum earned before dividing by hours worked, Defendant failed to pay the correct hourly rate for overtime hours worked.

32.    Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

33.    Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay and reimburse Plaintiffs and all members of the Class at the correct overtime rate one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 9 -
COLLECTIVE AND CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

34.    Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

35.    NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiffs a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Plaintiffs have made a demand for unpaid wages upon Defendant pursuant to NRS 608.140 but satisfactory payment was not received.

36.    NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works." Hours worked means any time the employer exercises "control or custody" over an employee. *See* NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

37.    By failing to compensate Plaintiffs and NEVADA Class Members for the time spent engaging in pre-and mid-shift, Defendant failed to pay Plaintiffs and NEVADA Class Members for all hours worked in violation of NRS 608.140 and 608.016.

38.    Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1    39.    Wherefore, Plaintiffs demand for themselves and for the NEVADA Class

2  Members payment by Defendant at the regular hourly rate of pay for all hours worked during

3  the relevant time period together with attorneys' fees, costs, and interest as provided by law.

**FOURTH CAUSE OF ACTION**

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

7    40.    Plaintiffs reallege and incorporate by reference all the paragraphs above in the

8  Complaint as though fully set forth herein.

9    41.    Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage

10 requirements in the State of Nevada and further provides that "[t]he provisions of the section

11 may not be waived by agreement between an individual employee and an employer. . . .   An

12 employee claiming violation of the section may bring an action against his or her employer in

13 the courts of the State to enforce the provisions of the section and shall be entitled to all

14 remedies available under the law or in equity appropriate to remedy any violation of the section,

15 including but not limited to back pay, damages, reinstatement or injunctive relief. An employee

16 who prevails in any action to enforce the section shall be awarded his or her reasonable

17 attorney's fees and costs."

18    42.    By failing to compensate Plaintiffs and all other members of the NEVADA Class

19 for the time spent engaging in pre-and mid-shift activities, Defendant failed to pay Plaintiffs and

20 NEVADA Class Members for all hours worked in violation of the Nevada Constitution.

21    43.    Wherefore, Plaintiffs demand for themselves and for the NEVADA Class

22 Members payment by Defendant at their regular hourly rate of pay or the minimum wage rate,

23 whichever is higher, for all hours worked during the relevant time period together with

24 attorneys' fees, costs, and interest as provided by law.

**FIFTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 11 -
COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

44.    Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

45.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

46.    NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

47.    NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

48.    It would be unreasonable to assume the legislature provided a private cause of action for failure to pay minimum wage for all hours worked but would not allow recovery of overtime wages in the same action based upon the same time periods worked.

49.    By failing to compensate Plaintiffs and all other members of the NEVADA Class for the time spent engaging in pre and mid-shift activities, Defendant failed to pay Plaintiffs and NEVADA Class Members daily overtime premium pay to those NEVADA Class Members who were paid a regular rate of less than one and one-half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half their regular rate for all members of the NEVADA Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

50.    Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations for failure to pay overtime rates of pay pursuant to NRS 608.140 and 608.018 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

51.    Wherefore, Plaintiffs demand for themselves and for the NEVADA Class Members payment by Defendant at one and one-half times their "regular rate" of pay (inclusive of the incentive plan payments) for all hours worked in excess of eight (8) hours in a workday for those class members whose regular rate of pay did not exceed the one and one-half the minimum wage set by law, and premium overtime rate of one and one-half their regular rate for all class members who worked in excess of forty (40) hours a workweek during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiff Kahl and the WAGES DUE AND OWING CLASS)

52.    Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

53.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

54.    NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

55.    NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

56.    NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1    in full, without rendering any service therefor; but the employee shall cease to draw such wages

2    or salary 30 days after such default."

3        57.    By failing to pay Plaintiff Kahl and all members of the NEVADA Class for all

4    hours worked in violation of state and federal law, at the correct legal rate, Defendant has failed

5    to timely remit all wages due and owing to Plaintiff Kahl and all members of the WAGES DUE

6    AND OWING Class.

7        58.    Despite demand, Defendant willfully refuses and continues to refuse to pay

8    Plaintiff Kahl and all WAGES DUE AND OWING Class Members.

9        59.    Wherefore, Plaintiffs demand thirty (30) days wages under NRS 608.140 and

10    608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for all

11    members of the WAGES DUE AND OWING Class together with attorneys' fees, costs, and

12    interest as provided by law.

### JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial pursuant to Nevada Rule of Civil Procedure 38.

### PRAYER FOR RELIEF

Wherefore Plaintiffs, individually and on behalf of Class Members, pray for relief as

follows relating to his collective and class action allegations:

18    1.    For an order conditionally certifying the action under the FLSA and providing

19        notice to all members so they may participate in the lawsuit;

20    2.    For an order certifying the action as a traditional class action under Federal Rule

21        of Civil Procedure Rule 23 on behalf of each proposed class;

22    3.    For an order appointing Plaintiffs as Representatives of each class and their

23        counsel as Class Counsel for each class;

24    4.    For damages according to proof for overtime compensation under federal law for

25        all hours worked over 40 per week;

26    5.    For liquidated damages pursuant to 29 U.S. C. § 216(b);

27    6.    For damages according to proof for regular rate pay under NRS 608.140 and

28        608.016 for all hours worked;

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

7.   For damages according to proof for minimum wage rate pay under the Nevada Constitution for all hours worked;

8.   For damages according to proof for overtime compensation under NRS 608.140 and 608.018 for all hours worked for those employees who earned a regular rate of less than one and one-half times the minimum wage for hours worked in excess of 8 hours per day and/or for all class members for overtime premium pay of one and one-half their regular rate for all hours worked in excess of 40 hours per week;

9.   For sixty days of waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

10.  To enjoin Defendant from continuing to engage in the unlawful wage and hour practices that are the subject of this action;

11.  For interest as provided by law at the maximum legal rate;

12.  For reasonable attorneys' fees authorized by statute;

13.  For costs of suit incurred herein;

14.  For pre-judgment and post-judgment interest, as provided by law; and

15.  For such other and further relief as the Court may deem just and proper.

## AFFIRMATION

*The undersigned does hereby affirm that the preceding document filed in the Second Judicial District Court of the State of Nevada, County of Washoe, does not contain the social security number of any person.*

DATED: April 19, 2018                    Respectfully Submitted,

                                         **THIERMAN BUCK LLP**


                                         /s/Mark R. Thierman
                                         Mark R. Thierman
                                         Joshua D. Buck
                                         Leah L. Jones

                                         *Attorneys for Plaintiffs*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Index of Exhibits

| No. | Description | No. of Pages |
|-----|-------------|--------------|
| 1. | Blankenship Earnings Statement 12/30/12 – 1/12/18 | 1 |
| 2. | Consents to Sue | 4 |

COLLECTIVE AND CLASS ACTION COMPLAINT

F I L E D
Electronically
CV18-00825
2018-04-19 10:36:04 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 6637811 : yviloria

# EXHIBIT 1

## *Blankenship Earnings Statement*

# EXHIBIT 1



**alorica**

**Earnings   Statement**

Alorica Inc.
5 Park Plaza
Suite 1100
Irvine CA 92614

|  |  |
|---|---|
| | Page 001 of 001 |
| Period Beg/End: | 12/30/2017 - 01/12/2018 |
| Advice Date: | 01/19/2018 |
| Advice Number: | 1406616936 |
| Batch Number: | 180117TC1157 |

Marital Status: Married
Exemptions/Allowances:
    Federal: 01        $0.00
    NV:      00        $0.00

Blankenship,    Eric  C
419  Stanford   Way
Sparks,   NV  89431

For inquiries on this statement Please call : 1-866-Alorica
Total Hours Worked:      81.01
Basis of Pay:      Hourly

| Earnings | Rate | Hours | This Period | Year-to-Date |
|---|---|---|---|---|
| **Earnings** | | | | |
| Holiday Worked | 16.50 | 8.00 | 132.00 | 132.00 |
| PTO Taken Time | | | 0.00 | 13.64 |
| Bonus Prem OT Wkd | | | 4.31 | 4.31 |
| TLSV Commission | | | 435.00 | 435.00 |
| Time Entry Wages | 11.00 | 66.52 | 731.72 | 1465.53 |
| Overtime | 16.50 | 6.49 | 107.09 | 123.43 |
| Gross Pay | | | 1410.12 | 2173.91 |

| Tax Deductions | | | |
|---|---|---|---|
| Federal Tax | | 102.38 | 129.91 |
| Social Security | | 87.43 | 134.78 |
| Medicare | | 20.45 | 31.52 |
| Total Tax Deductions | | 210.26 | 296.21 |

Other Benefits and
Information     This Period  Year-to-Date

Additional Deductions

| Total Deduction | 0.00 | 35.20 |
|---|---|---|

| Net Pay | 1199.86 | 1877.70 |
|---|---|---|

ER Contributions
Total ER Contribut.

| Vacation Summary | Available |
|---|---|
| Vacation Hrs | 1.05 |

---

**alorica** Alorica  Inc.
5 Park Plaza
Suite 1100
Irvine  CA 92614

Advice  Number:        1406616936

Advice  Date:          01/19/2018

**THIS IS NOT A CHECK**

| Deposited  to  the  account  of | Account Number | Transit  ABA | Amount |
|---|---|---|---|
| Blankenship, Eric C | Checking | 321270742 | $1199.86 |

F I L E D
Electronically
CV18-00825
2018-04-19 10:36:04 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 6637811 : yviloria

# EXHIBIT 2

## *Consents to Sue*

# EXHIBIT 2

Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

## IN THE SECOND JUDICIAL DISTRICT COURT OF

## THE STATE OF NEVADA IN AND FOR THE

## COUNTY OF WASHOE

| | |
|---|---|
| ERIC BLAKENSHIP and CHRIS KAHL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALORICA, INC.; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.:<br><br>Dept. No.:<br><br>**CONSENT TO JOIN** |

*THIERMAN BUCK LLP*
*7287 Lakeside Drive*
*Reno, NV 89511*
*(775) 284-1500 Fax (775) 703-5027*
*Email info@thiermanbuck.com www.thiermanbuck.com*

- 1 -
CONSENT TO JOIN

DocuSign Envelope ID: 022C2D31-E3D4-4964-AF90-566CBBA93E4B

1    Pursuant to the Fair Labor Standards Act, 29 U.S.C. ˄ 216(b), the undersigned hereby

2    gives my consent in writing to become a party plaintiff against my Employer, Former Employer,

3    and/or any and all its affiliated entities identified below. I authorize the filing of a copy of this

4    consent form in Court. I further consent to join this and/or any subsequent or amended suit

5    against the same or related defendant for wage and hour violations.

6    Dated: 4/19/2018

7

8    Name: Eric Blankenship
     (Please Print)

9    Signature:

10

11   Employer: ALORICA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

- 1 -
CONSENT TO JOIN

1  Mark R. Thierman, Nev. Bar No. 8285
   mark@thiermanbuck.com
2  Joshua D. Buck, Nev. Bar No. 12187
   josh@thiermanbuck.com
3  Leah L. Jones, Nev. Bar No. 13161
   leah@thiermanbuck.com
4  THIERMAN BUCK LLP
   7287 Lakeside Drive
5  Reno, Nevada 89511
6  Tel. (775) 284-1500
   Fax. (775) 703-5027
7
8  *Attorneys for Plaintiffs*

9           **IN THE SECOND JUDICIAL DISTRICT COURT OF**

10             **THE STATE OF NEVADA IN AND FOR THE**

11                      **COUNTY OF WASHOE**

12
13  ERIC BLAKENSHIP and CHRIS KAHL, on        Case No.:
    behalf of themselves and all others similarly
14  situated,                                  Dept. No.:

15              Plaintiffs,                     **CONSENT TO JOIN**

16         vs.

17
18  ALORICA, INC.; and DOES 1 through 50,
    inclusive,
19
20              Defendant(s).

21
22
23
24
25
26
27
28

                        - 1 -
                   CONSENT TO JOIN

Pursuant to the Fair Labor Standards Act, 29 U.S.C. ˆ 216(b), the undersigned hereby gives my consent in writing to become a party plaintiff against my Employer, Former Employer, and/or any and all its affiliated entities identified below.  I authorize the filing of a copy of this consent form in Court.  I further consent to join this and/or any subsequent or amended suit against the same or related defendant for wage and hour violations.

Dated: 3/9/2018 _____

Name: Chris Kahl _____
(Please Print)

Signature _____

Employer: ALORICA, INC. _____

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

- 1 -
CONSENT TO JOIN